UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DALE BROWN | CIVIL ACTION |
| VERSUS | NO. 16-13697 |
| DAVID HEINTZ, ET AL. | SECTION "R" (4) |

## ORDER AND REASONS

Plaintiff Dale Brown moves to remand this case to the Civil District Court for the Parish of Orleans. For the following reasons, Brown's motion is granted.

### I.   BACKGROUND

Dale Brown, proceeding pro se, brings claims against defendants David Heintz, Steven Verret, and Arthur Lawson under 42 U.S.C. § 1983 and Louisiana state law. Brown alleges that the defendants, police officers in the city of Gretna, Louisiana, used excessive force in arresting Brown in January of 2014.[1]

---

[1]   R. Doc. 1-1.

Brown originally filed this suit in the Civil District Court for the Parish of Orleans on January 13, 2015.[2] On July 14, 2016 Brown moved to amend his complaint.[3] Defendants removed to this Court on August 8, 2016.[4] In their notice of removal, defendants represent that they were never served with the original complaint in this case and only became aware of the suit on August 1, 2016 when they were served with the original complaint.[5]

On August 26, 2016 Brown filed a document titled "Objection to Motion for Removal."[6] In his filing, Brown argues that defendants' removal motion is untimely and asks that defendants' "request" to remove be "denied."[7] The Court entered an order notifying the parties that Brown's document would be construed as a motion for remand, and set the motion for submission on November 23, 2016.[8] Defendants have not responded to Brown's filing.

---

[2]    *Id.* at 1.
[3]    R. Doc. 1-1 at 53.
[4]    R. Doc. 1.
[5]    *Id.* at 2-3.
[6]    R. Doc. 3.
[7]    *Id.* at 1.
[8]    R. Doc 5.

## II.   LEGAL STANDARD

"Removal statutes are to be construed strictly against removal[,] . . . and a failure to timely file a notice of removal is a defect that requires remand to state court." *Delaney v. Viking Freight, Inc.*, 41 F. Supp. 2d 672, 674 (E.D. Tex. 1999) (quoting *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996)). Under 28 U.S.C. § 1446, which sets forth the general procedure for removal, a determination of whether a defendant timely removed a case is a two-step process. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992). First, if the case stated by the initial pleading is removable, a defendant has thirty days from receipt of the initial pleading to file a notice of removal. *See* 28 U.S.C. § 1446(b); *Chapman*, 969 F.2d at 161. Second, if the case stated by the initial pleading is not removable, then a defendant may remove the case within thirty days of receiving an amended pleading, motion, or "other paper" that informs the defendant that the case is removable. *Id.* In either situation, the removing party bears the burden of showing that federal jurisdiction exists. See *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

## III.   DISCUSSION

Brown argues that this case must be remanded to state court because defendants' notice of removal is untimely. In support of his position, Brown points to service returns, contained in the state court record and purportedly completed by a Deputy Sheriff of Jefferson Parish, stating that all three defendants were personally served on April 28, 2015.[9] Defendants removed more than a year after this purported service.[10] Therefore, if defendants were in fact served with Brown's initial complaint on this date, and the case stated by that complaint is removable, then defendants' removal is untimely and the Court must remand this case.

As an initial matter the Court notes that defendants have failed to respond to Brown's motion. This alone provides sufficient grounds to remand. *See Jackson v. City of New Orleans*, No. 95-1340, 1995 WL 599046, at *1 (E.D. La. Oct. 10, 1995) (stating that when defendant failed to file opposition, motion to remand "could be granted as unopposed"); *see also Sundby v. Bank of N.Y. Mellon,* No. 11-627, 2011 WL 1670914, at *1 (S.D. Cal. May 3, 2011) ("[T]he Court finds Defendants' failure to file an opposition to Plaintiffs' motion to remand constitutes their consent to the granting of the

---

9   R. Doc. 1-1 at 39-44.
10  R. Doc. 1.

4

motion."); *Rubio v. Allegheny Int'l, Inc.*, 659 F. Supp. 62, 63 (S.D. Fla. 1987) (stating that failure to oppose remand motion was grounds for remand).

Even if it were inclined to excuse defendants' failure to oppose Brown's motion, the Court finds that defendants have failed to meet their burden to show that removal was properly executed in this case. In his original complaint, Brown seeks "remedy [for] the deprivation, under color of state law, of rights guaranteed by the 8th and 14th amendments."[11] Defendants do not contest that this language renders Brown's original complaint removable on its face, and in fact cite this language to justify this Court's jurisdiction. *See Local Union No. 12004, United Steelworkers of Am. v. Massachusetts*, 377 F.3d 64, 75 (1st Cir. 2004) ("Almost by definition, a claim under § 1983 arises under federal law and will support federal-question jurisdiction . . .").

Defendants also concede that the state court record "reveal[s] and state[s] that the defendants were allegedly 'personally served' with the original petition on or about April 28, 2105."[12] The removal motion asserts, without support, that defendants were never, in fact, served.[13] But defendants point to no evidence tending to contradict the clear state court record. Defendants' bald assertions in an unverified motion are insufficient

---

[11]   R. Doc 1-1 at 5.
[12]   R. Doc. 1 at 2.
[13]   *Id.*

5

to meet their burden, especially in the face of Brown's convincing evidence of service. *See Allen*, 63 F.3d at 1335 ("Removal . . . cannot be based simply upon conclusory allegations."). Accordingly, the Court finds that defendants have failed to show that removal is appropriate in this case.

## IV. CONCLUSION

For the foregoing reasons, this case is REMANDED to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this __15th__ day of February, 2017.

                         *Sarah Vance*
                     _____
                         SARAH S. VANCE
                    UNITED STATES DISTRICT JUDGE